Annie S. G. Boyden  
    vs.       Div. No. 22982.  
George Everett Boyden

### DECISION.

July 26, 1929.

FROST, J. Heard on respondent's motion to stay execution.

On January 5, 1929, a decree was entered requiring respondent to pay weekly the sum of $80 as an allowance for the support and maintenance of his wife and minor daughter. Subsequently the petition of the wife for divorce was heard and decision given for the petitioner, and on July 18th a decree was entered whereby the respondent was required to pay weekly the sum of $50.

On July 22 respondent filed in this Court his claim of appeal from said last mentioned decree, in which he alleged among other reasons that the order of the justice as embodied in the decree was an abuse of discretion. On July 22 a motion to stay execution was filed by the respondent.

From the motion it appears that respondent is in arrears in payments required by the terms of the decree of January 5th to the amount of $520. He now desires that any execution taken out for the purpose of collecting this sum be stayed and also that any execution be stayed which may be issued as a result of any failure to pay the full

$50 weekly required by the decree of July 18th. He is willing that these be stayed only on condition that he pay weekly the sum of $15 on account of the amount set forth in the decree of July 18th and $3 weekly on account of the sum of $520 in which he is now in arrears under the decree of January 5th.

As to the amount of $520, no appeal was taken from the decree from which that sprang. The right of the petitioner to that sum is absolute. (48 R. I. 50.) Notwithstanding the power in this Court to stay any execution for the collection of such sum, there appears no proper basis for the exercise of such power at this time.

As to the decree of July 18th, from which decree an appeal has now been taken to the Supreme Court, there is doubtless ample power in the Court to stay an execution issued for the purpose of collecting money payable under its terms (Section 3, Chap. 353; Section 14, Chap. 291, Gen. Laws of R. I. 1923). Such power will only be exercised in a proper case. In the present case, if the amount of $50 named in the decree of July 18th were obviously an error, it might well be proper to stay execution and prevent resulting trouble and embarrassment, but in the opinion of this Court such sum represents the deliberate judgment of the justice entering the decree. To say now that such decree, under all the circumstances, constitutes an abuse of discretion would be not only improper but by so doing this Court would seem to arrogate to itself the authority of the Supreme Court. To grant the motion would virtually be to say that $18 per week was a proper sum to be paid the petitioner instead of the sum of $50 found to be just under the decree of July 18th. The respondent is entitled to the decision of but one justice of this Court on the same set of facts.

The motion must be denied.

For petitioner: Baker & Spicer and Walter J. Sundlin.

For respondent: Alfred G. Chaffee and Arthur H. Feiner.